RAYMOND BOUCHER, ESQ., SBN 115364
    rboucher@kbsslaw.com
KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone:  (213) 596-6000
Facsimile:   (213) 596-6010

FRED DORTON, ESQ., SBN 237121
    fred@thedfirm.com
THE D FIRM, A Professional Law Corporation
9701 Wilshire Boulevard, Tenth Floor
Beverly Hills, CA 90212
Telephone: (310) 734-6455
Facsimile: (310) 734-6411

HERMEZ MORENO, ESQ., SBN 72009
    hmoreno@kbsslaw.com
LAW OFFICES OF HERMEZ MORENO, PC
444 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone:  (213) 596-6000
Facsimile:   (213) 596-6010

*Attorneys for Plaintiffs*



FILED
CLERK, U.S. DISTRICT COURT

JUN 1 1 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RAYVEN VINSON, an Individual;
CHRISTIAN SUTTON, an Individual;
OLAOLUWA BAYODE, an
Individual; DEBBIE RUMBO, an
Individual; FRANCES WANG, an
Individual, and JASON SNEED, an
Individual,

            Plaintiffs,

    v.

CITY OF LOS ANGELES, A Public
Entity; UNIVERSITY OF SOUTHERN
CALIFORNIA, A Private Corporate

Case CV 14 - 4488 PLA

**COMPLAINT FOR DAMAGES**

CIVIL RIGHTS VIOLATIONS
PURSUANT TO 42 USC §§ 1983
    1. Excessive Force
    2. False Arrest and Malicious
       Prosecution
    3. Failure to Intervene
    4. *Monell* Claim
    5. Deprivation of Equal Protection

STATE LAW CLAIMS:
    6. Intentional Infliction of
       Emotional Distress
    7. Assault and Battery
    8. Violation of Unruh Act – Racial
       Discrimination
    9. Fraudulent Misrepresentation
    10. Negligent Misrepresentation

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

Entity; LAPD OFFICER CARLYLE;
LAPD OFFICER ROSE; LAPD
OFFICER MORAN; LAPD OFFICER
ROCKETT; LAPD OFFICER PEAKE;
LAPD OFFICER CHIU; LAPD
OFFICER WOLFCHIEF; LAPD
OFFICER AYALA; LAPD OFFICER
CORDOBA; LAPD SERGEANT
WASHINGTON; LAPD OFFICER
BARRIENTOS; LAPD OFFICER
MARX; and DOE DEFENDANTS
1-50, Inclusive;

         Defendants.

DEMAND FOR JURY TRIAL

# COMPLAINT

## I.

## INTRODUCTION

On the evening of May 3, 2013, and into the early morning hours of May 4, 2013, two parties of mostly college-age men and women attending the University of Southern California took place in two separate houses directly across the street from one another. The parties were, for nearly all intents and purposes, identical to one another, save for one prominent distinction: one of the parties was hosted and attended by predominantly Caucasian students; the other party, by predominantly African-American and minority students.

There were other distinctions that should have mattered, of course. For example, the mostly minority student party properly registered their party with the University of Southern California's Department of Public Safety, the University's law enforcement arm. The hosts of the mostly minority student party also properly

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

1  checked student ID's at the door, a requirement for such parties. The mostly

2  Caucasian party did neither of these things.

3          However, when the Los Angeles Police Department arrived in the early

4  morning of May 4, 2013, to respond to a "noise complaint", their treatment of the

5  similarly situated party-goers was anything but equal, reasonable, or constitutional.

6  The LAPD, in conjunction with officers from USC's Department of Public Safety,

7  proceeded to use an excessive display of force – nearly **seventy-nine officers** from

8  both departments in all – in order to aggressively disperse the peaceful and

9  compliant attendees of the predominately minority party. The officers, some of

10  whom showed up in riot gear, issued contradictory orders, and used force to corral

11  African-American and minority students away from the scene while

12  simultaneously using a "skirmish line" to block the students' exit.

13          In dramatic contrast, the hosts and attendees of the Caucasian party were

14  allowed to stay inside the house and continue their festivities.

15          In the confusion that followed as a result of the defendant officers' conduct,

16  Plaintiffs RAYVEN VINSON, CHRISTIAN SUTTON, OLAOLUWA BAYODE,

17  DEBBIE RUMBO, FRANCES WANG, and JASON SNEED, all attendees of the

18  African-American and minority party, were each forcefully arrested without

19  probable cause while they were either attempting to peacefully leave the scene as

20  instructed by officers, or as they attempted to film the excessive and unreasonable

21  treatment by the officers against their fellow students.

22          After their arrests, Plaintiffs were forced to endure the probability of being

23  prosecuted for crimes they did not commit, as the City Attorney's Office delayed

24  the decision of whether or not to prosecute them for more than a month. During

25  this time period, each student's personal life suffered greatly, and the University of

26  Southern California, despite promises to accommodate the difficulties they were

27  facing, did nothing.

28          As a result, the Civil Rights of each Plaintiff has been violated, and each of

3

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

them has suffered physical and emotional harm entitling each to the damages alleged in this Complaint.

## II.
## VENUE & JURISDICTION

1.     This action is brought pursuant 42 USC §§ 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded on 29 USC §§1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

2.     Venue is proper in the United States District Court for the Central District of California, as the injury and claimed violation of rights occurred in the City of Los Angeles, California, within the boundaries of this court.

## III.
## PARTIES

3.     Plaintiffs RAYVEN VINSON ("Vinson"), CHRISTIAN SUTTON ("Sutton"), OLAOLUWA BAYODE ("Bayode"), DEBBIE RUMBO ("Rumbo"), FRANCES WANG ("Wang"), and JASON SNEED ("Sneed"), (collectively, "Plaintiffs") are, and at all times relevant to this Complaint were, residents of the City and County of Los Angeles, California.

4.     Defendant CITY OF LOS ANGELES is a public entity duly organized and existing under and by virtue of the laws of the state of California.

5.     At all times relevant to this Complaint, Defendants LAPD OFFICER CARLYLE (Serial No. 36156); LAPD OFFICER ROSE (Serial No. 38815); LAPD OFFICER MORAN (Serial No. 38914); LAPD OFFICER ROCKETT (Serial No. 41226); LAPD OFFICER PEAKE (Serial No. 34968); LAPD OFFICER CHIU (Serial No. 41053); LAPD OFFICER WOLFCHIEF (Serial No. 38168); LAPD OFFICER AYALA (Serial No. 40555); LAPD OFFICER

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6600
Fax: (213) 596-6010

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

1  CORDOBA (Serial No. 37022); LAPD SERGEANT WASHINGTON (Serial No.
2  32231); LAPD OFFICER BARRIENTOS (Serial No. 40138); and LAPD
3  OFFICER MARX (Serial No. 37650), (collectively, "DEFENDANT LAPD
4  OFFICERS") were employees and/or agents of the Los Angeles Police Department
5  acting within the course and scope of their employment and acting under color of
6  law when committing the acts and omissions herein alleged.

7        6.      Defendant UNIVERSITY OF SOUTHERN CALIFORNIA ("USC")
8  is a private for-profit business entity located in the City and County of Los
9  Angeles, California. The University of Sothern California Department of Public
10  Safety ("USC DPS") was, at all times relevant to this Complaint, the law-
11  enforcement branch of Defendant USC, an agent of Defendant USC, acted within
12  the course and scope of said agency, and acted in coordination and under a
13  memorandum of understanding with the LAPD with the ability and authority under
14  law to effect custodial arrest and detention of civilians and deprivation of their
15  freedoms.

16        7.      Plaintiffs are ignorant of the true names and capacities of defendants
17  sued herein as DOE DEFENDANTS 1 through 50, inclusive, and therefore sue
18  these defendants by such fictitious names.  Plaintiffs believe that there were at least
19  4 additional LAPD officers who were involved in the complained of conduct
20  herein but as of yet, are ignorant of their true names and therefore, name them
21  herein as LAPD DOE DEFENDANTS 1-4.  Plaintiffs believe that there were at
22  least 5 USC DPS officers who were also involved in the complained of conduct
23  herein but as of yet, are ignorant of their true names and therefore, name them
24  herein as USC DPS DOE DEFENDANTS 11-15.

25        8.      Plaintiffs are ignorant of the true names and capacities of LAPD
26  supervisors on the scene but sue said defendants herein as DOE DEFENDANTS 5
27  through 10, who were (Hereinafter "LAPD SUPERVISOR DOES"); likewise
28  Plaintiffs are ignorant of the true names and capacities of USC DPS supervisors on

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

the scene but sue said defendants herein as DOE DEFENDANTS 16 through 20, (Hereinafter "USC DPS SUPERVISOR DOES");

9.      Plaintiffs will amend this complaint to allege their true names and capacities when same shall have been ascertained.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and those Plaintiffs' injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

## IV.
## GENERAL ALLEGATIONS

### THE INCIDENT

10.      On May 4, 2013, seven USC students were violently arrested by LAPD Defendants the latter of which responded to a noise complaint to shut down only an African-American party, which was across the street from a predominantly white party.

11.      An estimated seventy-nine (79) officers, including LAPD Individual Defendants, other officers of the LAPD, and USC DPS officers showed excessive force and abrasive tactics, or alternatively failed to intervene when their fellow officers exhibited same toward the predominantly African-American and minority students during this incident. The causes of action brought in the present complaint address the issues arising from this incident.

### BACKGROUND

12.      On May 3, 2013, two (2) parties hosted by USC students took place at two (2) homes, which were across the street from one another at the addresses of 1223 W. 23rd Street ("1223") and 1222 W. 23rd Street ("1222") in Los Angeles, California. A large number of students attended both parties, the only major

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

difference being that predominantly African American and minority students attended the party at 1222, while predominantly Caucasian students attended the party at 1223.

13.    The gathering at 1222, with the predominantly African-American and minority students, commenced in celebration of the successful completion of another year of college.

14.    The party hosts of the 1222 party registered their party with USC Department of Public Safety ("USC DPS") prior to the event, and the party organizers checked student identification cards at the door to prevent any non-students from attending the celebration.

15.    The hosts of the 1223 party, which was predominantly attended by Caucasians, neither registered their party with the USC DPS nor did they check student identification cards at the door. Additionally, the 1223 party served alcohol, whereas the 1222 party did not. These facts came to light when the host of the 1223 party spoke in front of a panel for a Town Hall meeting organized at the USC Campus after this incident.

16.    At 7:00 pm on May 3, 2013, the Los Angeles Police Department ("LAPD") received an alleged noise complaint in connection with the 1222 and 1223 parties. Police did not arrive on the scene until May 4, 2013 at approximately 1:50 am, almost seven (7) hours after the alleged complaint.

17.    Defendant LAPD Officers Chiu and Carlyle visited the 1222 residence, which contained a demographic of minority and black students, and commanded the host to shut the party down. The host complied, and the students began to vacate the premises.

18.    Defendant LAPD Officers Chiu and Carlyle then visited the 1223 residence only to issue a warning about the noise level, and told the Caucasian students to "stay safe" inside the house. The host of the 1223 party conveyed what occurred at the 1223 party to an auditorium full of attendees at a USC Town Hall

7

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

1   Meeting in the wake of the May 4, 2013 arrests, which are the subject of the

2   present complaint.

3        19.    After advising the predominantly Caucasian students attending the

4   1223 party, the Officer Defendants returned to the predominantly minority and

5   African-American gathering at the 1222 party.

6

7   **DETENTION OF NATHANIEL HOWARD**

8        20.    Video footage taken that night shows several officers surrounding

9   Nathaniel Howard ("Howard"), host of the 1222 party, against the side of his

10  home, then shows Defendant LAPD Officers Rose and Moran handcuffing, and

11  abrasively seizing him. (Attached hereto as **Exhibit 1** is a true and correct copy of

12  said video.)

13       21.    At all times, Howard was extremely calm and in no fashion resisting

14  arrest. Howard's conduct does not arouse reasonable suspicion nor should it incite

15  in a reasonable and trained officer the tendency to proceed with an investigation

16  involving abrasive tactics.

17       22.    Concurrently, Plaintiff Christian Sutton ("Sutton"), along with several

18  other students, witnessed the unprovoked detention and arrest of fellow student

19  Howard while they attempted to exit the premises.  Sutton began taking video of

20  the misconduct by defendants. An officer angrily yelled into Sutton's face to move

21  back even though Sutton was several feet away from officers and was doing

22  nothing illegal.

23

24  **ARREST OF PLAINTIFF SUTTON**

25       23.    Sutton's video shows officers leading Howard away, when suddenly,

26  the video goes black, and Sutton is audibly tackled to the ground by Defendant

27  LAPD Officers Carlyle, Rockett, Peake, and Chiu.

28       24.    Defendant Officers lunged at and arrested Sutton without probable

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

cause and solely to punish him for the exercise of his rights and the video taping of the misconduct and to dissuade citizens from ever attempting to obtain evidence of LAPD misconduct. This misconduct is contained in another video.

25.    Defendant LAPD Officers Carlyle, Rockett, Peake, and Chiu injured Sutton's knee and shoulder while arresting him. Defendants Carlyle, Rockett, Peake, and Chiu also intentionally placed unreasonably tight handcuffs on Sutton. When Sutton complained that the cuffs were too tight and asked that they be adjusted, Officers Carlyle, Rockett, Peake, and Chiu refused to do so. As a result of the unnecessary use of excessive force, Sutton suffered abrasions to his knee, shoulder, and wrists, all of which have left Plaintiff Sutton with permanent scarring.

**ARREST OF PLAINTIFF VINSON**

26.    **W**hile LAPD officers apprehended USC student Teremy Jackson, another group of Defendant LAPD Officers, which included Defendant Officer Cordoba and LAPD Sergeant Washington, violently arrested Plaintiff Rayven Vinson ("Vinson"). **(Video, Ex 3).**

27.    Vinson was handcuffed, lying on the concrete face-down, and crying out in pain. As Vinson began to writhe on the ground in pain and panic, Defendant Cordoba placed his foot, with the weight of his body, on the back of a handcuffed Vinson's shoulder. This is depicted in another video. (Attached hereto as **Exhibit 4** is a true and correct copy of said video.)

28.    Due to the heavy weight of the male officer, Vinson screamed out in pain, "Ow! My back! You're hurting my back!" all to no avail.

29.    Defendant Cordoba, however, continued his excessive and unnecessary conduct.

30.    Vinson at no time posed a threat nor in any way resisted. She is a fragile and petite female. Lying face-down on the ground, she could never have

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

posed a threat to Defendant Cordoba or Defendant Washington. As such, the foot pressed firmly and painfully on her back was excessive, unreasonable, and a manifest display of disproportionate force.

**ARREST OF PLAINTIFF WANG**

31.    Plaintiff Frances Wang ("Wang"), was yet another student blocked in by the LAPD barricade.

32.    Police barred Wang from accessing her vehicle because it was beyond the skirmish line. In search of another way to access her car, Wang proceeded on foot in an attempt to comply with the LAPD's impossible command to disperse into traffic while being barricaded and prevented from dispersing.

33.    As Wang attempted to disperse, along with other students, an unknown Defendant officer, shoved Wang. **(Video, Ex 3).**

34.    Panic ensued as a result of the force used and many students took off running. Wang, who was wearing high heels, was unable to run away from the area.

35.    While Wang was limping away in shock and pain, an unknown Defendant officer came up behind her, grabbed her arms tightly, and placed handcuffs on her wrists.

36.    Wang's arrest was indiscriminate and lacked probable cause.

**ARREST OF PLAINTIFF BAYODE**

37.    LAPD also arrested Olaoluwa Bayode ("Bayode"), on the night of the incident. Defendants Rockett and Chiu arrested Bayode, while he was leaving the party and dispersing into traffic.

38.    With nowhere to go, as the streets were barricaded and the LAPD continued to issue the contradictory instructions of dispersal while preventing the students from leaving, Bayode anxiously followed the crowd looking for an exit.

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

10

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

39.     Defendants Rockett and Chiu were, inexplicably,  incensed and arrested Bayode.

40.     Four to seven Defendant Officers, including Defendants Rockett and Chiu, slammed Bayode forcibly against a nearby fence and pummeled him to the ground.

41.     At no time was Bayode's demeanor threatening, abrasive, provocative, or anything other than confused and harmless. As such, Plaintiff Bayode's arrest lacked probable cause, and the force used was excessive and unreasonable.

42.     The officers' force was so imposing that it injured and severely bruised Bayode's shoulder and bloodied his face, back and knee. Bayode was then taken to a detention center. As a result of LAPD's excessive force, Bayode suffered abrasions to his face, knee, and shoulder, all of which resulted in permanent scarring.

**ARREST OF PLAINTIFF RUMBO**

43.     Plaintiff Debbie Rumbo ("Rumbo") also attempted to follow the contradictory directions of the LAPD and disperse the party, but was prevented from doing so as the pathway to her car was blocked by police.

44.     An unknown Defendant Officer threatened to punch Plaintiff Rumbo in the face. Immediately thereafter, another unknown Defendant Officer forcefully used his baton and pressed Rumbo against a fence where Defendant Officers Barrientos and Marx grabbed Plaintiff Rumbo's wrist and arrested her.

45.     Rumbo did not resist the arrest, and with a metal baton and metal fence on either side of her, she could not resist arrest. Police transferred Plaintiff Rumbo to a police vehicle and took her to a detention center.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

## ARREST OF PLAINTIFF SNEED

46.     Plaintiff Jason Sneed ("Sneed") witnessed the detention of Howard and forceful arrests of his classmates Bayode and Sutton.

47.     Sneed attempted to leave the scene but his car was blocked by the police setting up a skirmish line, and by LAPD SWAT personnel.

48.     At this point, Plaintiff Sneed attempted to coordinate his other classmates caught up in the chaotic scene in an effort to calm them down and assist the other students with leaving the area and complying with the conflicting demands of LAPD Officers. The officers issued directives to a group of students, including Sneed, requiring them to walk down Hoover. Sneed complied, and assisted other student with leaving the scene.

49.     When Sneed approached Hoover and Adam, LAPD officers lit him up with flashlights and the police helicopter overhead lit him up with the spot light. He was detained and then placed under arrest. LAPD officers told him they "**singled him out because he was directing the group**" and they "**thought it was cute** he was trying to do it for the girls.**"

50.     Sneed was cited for an infraction and released.

## THE AFTERMATH

51.     In total, the Los Angeles Police Department ("LAPD") arrested seven (7) USC students, all of whom were minorities and Attendees of the 1222 party attended exclusively by USC students.

52.     LAPD officers did not arrest a single attendee of the louder, unregistered, unsupervised, predominantly Caucasian 1223 party, which was directly across the street.

53.     LAPD responded on May 4, 2013 at 1:50 a.m. with an estimated seventy-nine (79) officers, many of them in riot-gear, to a simple noise complaint placed at 7 p.m. on May 3, 2013.

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

54.     There were no reports of violent or riotous activity given to the LAPD at any time prior. None of the units were used to disband the predominantly Caucasian, unregistered party across the street, and all units focused on forcefully breaking up the registered and screened predominantly African-American and minority party at 1222.

55.     The response came almost seven (7) hours after the complaint, giving ample time to send an appropriate and reasonable response.

56.     Students reacted to the showings of force, and to the completely confusing and intentionally contradictory instructions ordering them to disperse but preventing dispersal through show of an effectively militaristic barricade, with fear and shock, and with many guests in tears because of the physical force used against their classmates. The psychological chaos and confusion created by the LAPD officers and joined in by USC DPS DOES 11-15, a task force well versed in handling crowds, was nothing short of intentional.

57.     Students could not escape the scene due to police skirmish lines and blockades.

58.     Some of the Plaintiffs were arrested on the block of 27th Street and Hoover Street in Los Angeles, California, which is .4 miles south of the 1222 party on 23rd Street and Hoover Street.  These students, who were blocks away from the scene of the party, were arrested on the trumped up charge of "failure to disperse."

## THE MAY 7, 2013, TOWN HALL MEETING AND DEFENDANT USC'S FALSE PROMISE

59.     On May 7, 2013, a Town Hall meeting was held at the USC Campus in response to the incident which forms the basis of this action.

60.     At the meeting, the May 4, 2013 incident which had occurred over the prior weekend became the reinforcing focus in confirmation of racial profiling and bias against African-American and minority students at USC.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

61.    At this Town Hall meeting, USC students questioned a panel comprised of police officers, police chiefs, and USC officials concerning the profiled and criminal treatment of African-American students at USC.

62.    Specifically concerning the atrocities befalling Plaintiffs herein, a question was posed as to what USC officials were doing to assure academic accommodations and psychological counseling were arranged for Plaintiffs herein in light of the traumatic and unsubstantiated arrests.

63.    Then-Vice President of USC Student Affairs Dr. Michael Jackson confirmed  to the audience in the packed auditorium, that it was indeed unacceptable for the arrested students to have to hunt down their professors to seek academic accommodations or to arrange their own psychological counseling for the disruption these arrests caused.

64.    Dr. Jackson assured that USC would provide academic accommodations to the students.

65.    This was especially important to Plaintiffs because they had final examinations scheduled to begin throughout the following two weeks and they were still in limbo as to whether the City Attorney's Office would file criminal charges and force them to face prosecution for crimes they did not commit.

66.    However, subsequent to the Town Hall meeting, the Plaintiffs were left to make arrangements directly with their professors, despite the representations made by Dr. Jackson.

67.    To date, the Plaintiffs herein have not been provided with the promised and adequate academic or psychological accommodations. Defendant USC's subsequent conduct of neglect toward these Plaintiffs has caused additional exacerbation of the effects of the arrests, and has prevented the students from having any certainty or finality to their academic affairs.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

## THE CITY ATTORNEY'S OFFICE UNREASONABLY DELAYED DROPPING THE CHARGES

68.     The City Attorney failed to officially drop the charges or to arraign the six Plaintiffs until June 26, 2013, which far exceeds the requisite 48 to 72 hour filing period for criminal charges after an arrest. Cal. Penal Code §§ 825, 849.

69.     When the Plaintiffs appeared in Court on May 30, 2013 as scheduled, they were informed that the City Attorney had not filed any charges.

70.     In confirmation, Plaintiffs' Attorney Fred Dorton received Court documents stamped "No Charges Filed."

71.     Despite this Court notice **and despite the City Attorney's Office having access to video evidence which proved Plaintiffs were arrested without probable cause**, Senior Media Advisor for the City Attorney's Office Sandy Cooney told NBC4 News that the case was still pending and the City Attorney **had not dropped the charges against the six Plaintiffs**.

72.     On June 26, 2013, via a written statement, Los Angeles City Attorney Carmen Trutanich stated that the City Attorney's Office declined to file charges against the six Plaintiffs due to "lack of sufficient evidence and no reasonable likelihood of conviction."

73.     This treatment of Plaintiffs condones the force used, the excessive response, the abridging of these students' privileges, immunities, and right to due process under the law. It authorizes the disparate treatment of these students on the basis of their race.

## LAPD's AND USC DPS's DISPARATE TREATMENT OF AFRICAN-AMERICAN AND MINORITY STUDENTS AT USC

74.     On May 4, 2013, LAPD sent approximately seventy-nine (79) officers, many outfitted in full riot-gear, to respond to a simple alleged noise complaint.

15

75.     The LAPD officers did not use force against the attendees of the predominantly Caucasian party at 1223 across the street from the predominantly minority and black party. In fact, they did not even require the occupants of 1223 to shutdown the party and disperse. The instructions relayed to the 1223 predominantly Caucasian party as relayed by the host of that party was to "stay safe inside the house."

76.     In direct juxtaposition to the treatment of Caucasian students at an unregistered, much louder, alcohol-serving, and unscreened party at 1223, detailed above, the LAPD officers forced the 1222 predominantly African American students out onto the streets after using excessive force, thrust them into traffic, and gave them the blatantly contradictory instructions of dispersal while preventing them from dispersing.

77.     Based upon the statements the LAPD officers made to the 1223 occupants, as relayed by the host of that Caucasian party, instructing them to "stay safe" and not leave the house, the intent of the LAPD and USC DPS to harm the people in the other house is apparent.

78.     The LAPD has had a practice of responding multiple times in the past year to predominantly African-American parties on the USC Campus and using extreme force, in riot gear, and disproportionate numbers.

79.     In April 2013, nine (9) LAPD squad cars arrived at a house party hosted by African-American USC students two (2) blocks from the USC campus. The LAPD indicated they were responding to a "noise complaint" despite the very heavy police presence.

80.     In April of 2013 after LAPD arrived in riot gear to a previous African-American party, a video taken that day depicts a USC student interviewing LAPD Officer Carlyle. **(Video Ex. 4).**

81.     During the video, the student questions Defendant Carlyle (present at both the April 13 incident and the incident underlying the instant Complaint) as to

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

why the LAPD uses drastically more force and much larger units when responding to predominantly African American parties as opposed to predominantly Caucasian parties. During that interview, it came to light that Defendant USC directly telephoned the police to shut down the African American party.

82.    Defendant Carlyle commented on the exaggerated police presence to address the alleged noise complaint by indicating, "When USC calls us, this is how we show up" and "They call for us, and they [USC DPS] give us a different story than what's actually happening."

83.    In this interview, Defendant Carlyle substantiates the complete lack of concern of the LAPD for establishing reasonable suspicion and probable cause before calculating a response by indicating all he (Carlyle) can state is that whenever USC calls, the police come full force.

84.    Officer Carlyle therefore, admits complete neglect for Constitutional standards and protections by the LAPD who respond to every situation involving African-American and minority party-goers in the same forceful, imposing, and excessive manner solely because it was at the beck and call of USC.

85.     Officer Carlyle's response is given in the context of a question alluding to racial disparity in LAPD's response. In this context, Officer Carlyle's response is inaccurate and a misrepresentation of the true circumstances. This becomes clear when the student specifically asks whether Officer Carlyle has responded to a party on USC's Greek row, which is predominantly Caucasian, with the same level of force and high unit numbers, and Officer Carlyle responds, "I'll be honest with you; actually, I have in 2008."

86.    The 2008 predominantly Caucasian party is a testament to the disparate treatment that has been the hallmark of the LAPD and USC DPS Officers' treatment of African-American and minority students at USC in comparison to their fellow Caucasian students.

87.    Video footage of the LAPD's 2008 response leaves no doubt to the

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

17

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

reasonable mind as to the racial underpinnings of the LAPD's response to the current 1222 predominantly black party.

88.    At the 2008 incident, the LAPD officers arrived on the scene of a predominantly Caucasian USC party where students were engaging in violent and riotous activity.

89.    Showing a complete lack of respect toward the police and a complete lack of concern for anyone's safety, video footage depicts students shouting obscenities at officers, ignoring officers' orders, jeering at the LAPD, and throwing bottles and cans at the officers.

90.    One student is depicted thrusting in a provocative manner at LAPD squad vehicles.

91.    Students are additionally shown standing on top of police cruisers raucously shouting at officers and further inciting the crowd.

92.    At one point in the 2008 incident Video footage, a student sits directly in front of an LAPD vehicle with its lights beaming in his direction, using the light from the patrol vehicle in full view of several officers to roll what looks to be marijuana in white rolling papers.

93.    The student then smoked the marijuana cigarette directly in front of the officers, while taunting the officers intermittently.

94.    In the 2008 incident Video footage, another group of students began to physically fight one another, while students collectively shouted, "Fuck you!" to police officers. These students created an extremely volatile situation, endangering the safety of bystanders and officers. Several students were videotaping the events. **Police allowed this activity to continue for a substantial amount of time before requesting the students to cease**.

95.    By Officer Carlyle's admission, he had only been out with similar force to a predominantly Caucasian party on USC's campus once in the last five years.

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

96.     His admission referring to the 2008 incident equates a riot of over 1,000 mostly Caucasian students with a simple noise complaint in the context of a party consisting of a relatively low number of peaceful and compliant African-American and minority students.

97.     This disparate treatment has regrettably continued, unabated, with the knowledge and acquiescence of Defendant USC, and in some instances, with their cooperation and even tacit instigation. (Referring to Defendant Carlyle's statement that "**They call for us, and they [USC DPS] give us a different story than what's actually happening**.")

## GOVERNMENT CLAIM REQUIREMENT

98.     Plaintiffs, and each of them, timely complied with the Government Claim presentation requirement pursuant to Cal. Gov. Code. § 911.2 by filing government claims against the entity defendant on September 27, 2013. On April 15, 2014, all Plaintiffs' government claims were denied.

## V.

## FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS: UNREASONABLE AND EXCESSIVE USE OF FORCE (42 U.S.C. § 1983)

### *(As Against LAPD INDIVIDUAL DEFENDANTS, and DOE DEFENDANTS 1-10 and USC DPS DOE DEFENDANTS 11-20)*

99.     Plaintiffs, and each of them, repeat and re-allege each and every allegation of paragraphs 1 through 98 above as though fully set forth herein.

100.    This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

101.    On and before May 4, 2013, Plaintiffs each possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

Constitution, to be free from unreasonable seizures in the form of excessive force by police officers acting under the color of law and from illegal and warrantless restrictions of their freedom.

102.   At the time Defendants assaulted and battered Plaintiffs as described, Plaintiffs had not assaulted any Defendant, had committed no crime and were not suspects of any criminal activity whatsoever; Plaintiffs were unarmed, compliant, and helpless, and the attacks upon each Plaintiff were unjustified and unreasonable under the circumstances and constituted an excessive use of force.  The attacks violated Plaintiffs' rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendment of the United States Constitution.

103.   Defendants and each of them, subjected Plaintiffs to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard for Plaintiffs' rights under the U.S. Constitution.

104.   LAPD Supervisor Does 5-10 and USC DPS Supervisor Does were, at all times relevant hereto, officers and/or supervising officers of the LAPD and the USC DPS respectively, on the scene during the incident, were acting in the course and scope of their employment with the LAPD and USC DPS respectively and under color of law when they participated directly and/or aided in the unconstitutional abuses and excessive uses of force Plaintiffs allege herein.

105.   Each said Doe also subjected Plaintiffs to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of their rights under the U.S. Constitution.

106.   **LAPD Individual Defendants** and LAPD **Doe Defendants 1-10** acted at all times herein knowing full well that the established practices, customs, procedures, and policies of Defendant City of Los Angeles, through the policies of the LAPD, and Defendant USC would allow a cover-up and allow the continued use of illegal force in violation of the Fourth Amendment of the Constitution of the United States and would permit said officers to justify the assaults on Plaintiffs by

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

falsely reporting that any injuries to Plaintiffs were cause by Plaintiffs' resisting arrest, "obstructing" a police officer or by Plaintiffs' own misconduct.  Said false reporting and ratification of **LAPD Individual Defendants'** misconduct and the conduct of LAPD **Doe Defendants' 1-10** and **USC DPS Does Defendants 11-20** was made with the intent to assure that Plaintiffs, and others similarly situated, would be dissuaded from petitioning their grievances against the Defendants City of Los Angeles or USC for such misconduct so that such misconduct could, instead, prevail and subjugate its citizens and students.

107.   As a direct and proximate result of the aforementioned acts of **LAPD Individual Defendants** and **LAPD Doe Defendants 1-10**, and **USC DPS Does Defendants 11-20** and each of them, Plaintiffs suffered injuries to their person, and to their psyche, some of which have taken on a permanence in the form of on-going physical, psychological and emotional injuries.  Plaintiffs may continue to require and need medical care, treatment, medication, therapy, and/or other medical services as a result of the injuries they received at the hands of **LAPD Individual Defendants** and **Doe Defendants 1-10**, and **USC DPS Does Defendants 11-20** and each of them. As a further direct and proximate result of said injuries and Defendants' conduct alleged herein, Plaintiffs, and each of them, suffered an inability to perform to their fullest potential as students during their academic finals, therefore hindering their future potential resulting in loss of earning capacity in amounts to be proven at trial.

108.   The acts of **LAPD Individual Defendants** and **Doe Defendants 1-70** and **USC DPS Does Defendants 11-20** were willful, wanton, malicious, and oppressive thereby justifying the awarding of exemplary and punitive damages as to said individual defendants in an amount to deter such misconduct in the future.

///

///

///

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

# VI.

## SECOND CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS: FALSE ARREST AND MALICIOUS PROSECUTION (42 U.S.C. § 1983)

*(As Against LAPD INDIVIDUAL DEFENDANTS, and*

*DOE DEFENDANTS 1-10)*

109.   Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 108 above as though fully set forth herein.

110.   The false Arrest Report prepared by **LAPD Individual Defendants** was prepared with the intent to file said reports with the County of Los Angeles District Attorney and City of Los Angeles Attorney's Offices to thus subject Plaintiffs to the filing and commencement of a groundless prosecution to subject Plaintiffs to fine, incarceration, a criminal record and costs and charges associated therewith.

111.   The arrests of each Plaintiff lacked probable cause, a fact known to **LAPD Individual Defendants**, who therefore filed said report with the knowledge that it was false and with the purpose of punishing Plaintiffs for Defendants' own imagined slight or for some other baseless and warped reason. These false reports were filed with the knowledge and ratification of LAPD DOE Supervisors 5-10.

112.   As a direct and proximate result of **LAPD Individual Defendants'** reporting of such trumped-up charges with the knowledge and ratification of LAPD DOE Supervisors 5-10, Plaintiffs, and each of them, were forced to endure the probability of being prosecuted for crimes they did not commit for over one month while the City Attorney delayed the decision to file charges. As a further result, Plaintiffs suffered emotional harm and harm to their reputations, and suffered an inability to perform to their fullest potential as students during their academic finals, therefore hindering their future potential resulting in loss of earning capacity, all in amounts to be proven at trial.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

113.   The acts and omissions constituting this cause of action were purposeful, malicious, and reckless and wanton so as to justify the imposition of punitive damages on these individual Defendants in their respective individual capacity in an amount to deter such misconduct in the future.

## VII.

## THIRD CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS: FAILURE TO INTERVENE (42 U.S.C. § 1983)

### *(As Against DOE DEFENDANTS 1-10 and USC DOE DEFENDANTS 11-20)*

114.   Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 113 above as though fully set forth herein.

115.   At all times relevant herein during all the acts, conduct, failures and omissions relevant to the abuse, mistreatment, injury and prosecution of Plaintiffs, and each of them, **LAPD Doe Defendants 1-10** and USC DPS DOE Defendants 11-20 were present at said times and places as alleged and/or were aware of Plaintiffs' plight at the hands of their co-defendants and were charged with the Constitutional duty to protect Plaintiffs from such abuses and misconduct.

116.   Each said Doe Defendant was also charged with the duty to not knowingly nor with wanton disregard, allow, permit or fail to intervene in the acts of excessive, unreasonable, unjustified or unlawful use of force by another police officer, and the unjustified, unwarranted, illegal and false charges to which Plaintiffs were subjected to.

117.   On said dates, times and locations as alleged above, each said Defendant was in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted conduct toward Plaintiffs which ultimately led to their injuries and/or damages.

118.   On said dates, times and locations as alleged above, each said

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

Defendant had ample and reasonably sufficient time and opportunity to intervene and prevent the wrongful conduct of the other officers, to prevent the injuries and damages and to timely intercede so Plaintiffs would not be mistreated and abused and were compelled to do so as Peace Officers under the laws of the State of California and under the Constitution of the United States of America.

119.  On said dates, times and locations as alleged above, in deliberate indifference to the life, rights, safety and welfare of Plaintiffs, each said Defendant intentionally and with deliberate indifference to Plaintiffs' civil rights, refrained from intervening in the acts leading to their injuries and thereafter refrained from intervening to so that Plaintiffs would not be falsely arrested and falsely charged with and prosecuted for crimes they never committed.

120.  As a result thereof, Plaintiffs, and each of them, were unjustifiably, purposely, recklessly and wantonly, and with deliberate indifference, exposed to the injuries and damages and harm by said Defendants as alleged in the First and Second Causes of action in violation of their rights under the Fourth, and Fourteenth Amendments of the Constitution of the United States of America.

121.  The acts and omissions constituting this cause of action were purposeful, malicious, and reckless and wanton so as to justify the imposition of punitive damages on these individual Defendants in their respective individual capacity in an amount to deter such misconduct in the future.

## VIII.

## FOURTH CAUSE OF ACTION

### *MONELL* **Claim under 42 U.S.C. § 1983**

### *(As Against CITY OF LOS ANGELES)*

122.  Except as to the punitive damages allegations, Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 121 above as though fully set forth herein.

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

123.   At all times relevant herein, **Doe Defendants 7-10,** inclusive were supervisors and/or policy makers for **Defendant City of Los Angeles'** Police Department which, upon information and belief, employed organized, unlawful and illegal customs and practices of excessive force and illegal searches and seizures, false arrests which lacked probable cause, falsification of evidence, filing of false police reports in violation of P.C. §118.1, and the commission of perjury in carrying out their mandate.  Said misconduct was encouraged, tolerated and condoned by said defendants.

124.   This action is brought pursuant to 42 U.S.C. §1983 for violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments.

125.   On the date of Plaintiffs' arrests indicated above **LAPD Individual Defendants** and **Doe Defendants 1-10**, acting within the course and scope of their duties as peace officers of the Los Angeles Police Department, deprived Plaintiffs of  their rights to be free from unreasonable seizures and unlawful arrests as delineated herein above, and thereafter **LAPD Individual Defendants**, in violation of Plaintiff's due process rights, proceeded to falsify evidence, submit a false police report in the way of the arrest and use of force had come about in an attempt to ensure that Plaintiffs, and each of them, would be found guilty of the false charges.

126.   At the time of these constitutional violations by said defendant officers, **Defendant City of Los Angeles'** Police Department, the LAPD, had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, to unlawfully arrest persons without probable cause.

127.   Said policies, procedures, customs and practices also called for the **Defendant City of Los Angeles** and its Police Department not to discipline, prosecute, or objectively and/or independently investigate or in any other way, deal

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

with or respond to known incidents and complaints of false arrests, falsification of evidence, the preparation of false police reports to justify such wrongful conduct, to cover-up and conceal such wrongful conduct by officers of the LAPD, and for **Defendant City of Los Angeles** to fail to objectively and/or independently investigate or in any other way, deal with or respond to the related claims and lawsuits made as a result of such false arrests and related misconduct.

128.   **Defendant City of Los Angeles** was aware of and was deliberately indifferent to a pervasive and widespread pattern and practice with the LAPD of concealing known instances of evidence planting, evidence tampering, perjury, falsified police reports, witness coercion, excessive force, on-duty criminal acts and on-duty acts of moral turpitude. Despite said knowledge, said **Defendant City of Los Angeles** failed to take any reasonable measures to correct this pattern and practice and as a result **Defendant City of Los Angeles** has been deliberately indifferent to the civil rights violations which resulted, including those which are described in the present claim.

129.   Said policies, procedures, customs and practices called for and led to the refusal of said **Defendant City of Los Angeles** to investigate complaints of previous incidents of false and unlawful arrests, the filing of false police reports to conceal such misconduct, the falsification evidence and perjury and, instead, ***officially claim that such incidents were justified and proper***.

       a.  Such is evidenced by the City's handling of the criminal matter underlying this lawsuit. On May 30, 2013, despite a court notice stating "No Charges Filed," and despite the City Attorney's Office having access to video evidence which proves Plaintiffs were arrested without probable cause, Senior Media Advisor for **Defendant City of Los Angeles'** City Attorney's Office Sandy Cooney told NBC4 News that the case was still pending and the City Attorney had ***not*** dropped the charges against the six Plaintiffs. Such an official statement continued **Defendant City of**

26

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

**Los Angeles'** public condemnation of Plaintiffs and ratification of the false police reports in the face of overwhelming evidence to the contrary.

130.   Said policies, procedures, customs and practices called for said Defendants, by means of inaction and cover-up, to encourage an atmosphere of lawlessness within the LAPD and to encourage their police officers to believe that improper arrest of residents of the City of Los Angeles, or persons present therein, such as Plaintiffs in this case, the planting of evidence, the submission of false police reports, and the commission of perjury was permissible and to believe that unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

131.   Said policies, procedures, customs and practices of said **Defendant City of Los Angeles** has evidenced a deliberate indifference to the violations of the constitutional rights of Plaintiffs in this case.  This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by said Defendant and its subordinate policymakers of indistinguishably similar incidents of unjustified and unreasonable and unlawful arrests, falsification of evidence, evidence tampering, submission of false police reports and perjury.

132.   Deliberate indifference to the civil rights of victims of **Defendant City of Los Angeles'** Police Department's unlawful arrests, falsified evidence, false and misleading police reports and false and perjurious testimony was also evidenced by said Defendants by their ignoring of the history and pattern of prior civil lawsuits alleging civil rights violations, similar to those alleged herein, arising from such misconduct and the related payment of judgments to such individuals.

133.   Deliberate indifference is also evidenced by an absence of or by maintenance of an inadequate system of tort claims tracking, firearms discharges tracking, use-of-force tracking, and by maintaining an inadequate system of officer discipline and independent and objective investigation by the **Defendant City of**

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

1  **Los Angeles** and the LAPD which failed to identify and investigate instances of

2  false and unlawful arrests, falsification of evidence, submission of false police

3  reports and perjury.

4       134.   Other systemic deficiencies of said Defendant which indicated, and

5  continue to indicate, a deliberate indifference to the violations of the civil rights by

6  the officers of the LAPD include:

7            a.  Preparation of investigative reports designed to vindicate and/or

8            justify false and unlawful arrests;

9            b.  Preparation of investigative reports which uncritically rely solely on

10           the word of LAPD officers involved in unlawful arrests or in the planting

11           of evidence and which systematically fail to credit testimony by non-

12           officer witnesses;

13           c.  Preparation of investigative reports which omit factual information

14           and physical evidence which contradicts the accounts of the officers

15           involved;

16           d.  Issuance of public statements exonerating officers involved in such

17           incidents prior to the completion of investigations of wrongful arrests;

18           e.  Failure to maintain centralized department-wide system for the

19           tracking and monitoring tort claims and lawsuits alleging false arrests,

20           planting of evidence, perjury, abuse of authority, and race-based

21           misconduct by individual officers so as to identify those officers who

22           engage in a pattern of abuse of police authority and police misconduct;

23       135.   The foregoing acts, omissions, and systemic deficiencies are policies

24  and customs of said **Defendant City of Los Angeles** and such caused, permitted

25  and/or allowed under official sanction, **LAPD Individual Defendants** and **Doe**

26  **Defendants 1-5** to be unaware of, or to intentionally overlook and ignore, the rules

27  and laws governing the use of force, the probable cause requirements for arrests,

28  the falsification of evidence or the tampering with evidence, and the submission of

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

false police reports.

136.   The foregoing acts, omissions, and systemic deficiencies are policies and customs of said **Defendant City of Los Angeles** and such caused, permitted and/or allowed under official sanction said **LAPD Individual Defendants** and **Doe Defendants 1-5** to believe that arrests are entirely within the discretion of the officer and that improper and unlawful arrests, evidence falsification, filing of false and misleading police reports, would not be objectively, thoroughly and/or properly investigated, all with the foreseeable result that **LAPD Individual Defendants** and **Doe Defendants 1-5** would make false and unlawful arrests, and falsify evidence, submit false and misleading police reports, and commit perjury, and thereby violate the civil rights of the citizens of this state with whom said officers would come into contact with.

137.   As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices, **LAPD Individual Defendants** and **Doe Defendants 1-5**, as more specifically alleged above, unlawfully arrested Plaintiffs, assaulted and battered them, and developed and implemented a plan to falsely accuse them of the criminal violations alleged in an attempt to secure their prosecution thereof, and to inflict punishment for a perceived slight or some other baseless, imaginings of Defendants.

138.   As a direct and proximate result of the aforementioned acts of **Defendant City of Los Angeles** and the practices, policies, customs and procedures alleged, Plaintiffs suffered the injuries alleged in this Complaint, all to their damages in a sum according to proof at trial.

## IX.

## FIFTH CAUSE OF ACTION

## CIVIL RIGHTS – 42 USC § 1983 – RACIAL DISCRIMINATION AND DEPRIVATION OF EQUAL PROTECTION

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

*(As Against LAPD INDIVIDUAL DEFENDANTS, LAPD DOE DEFENDANTS 1-4, and USC DPS DOE DEFENDANTS 11-20)*

139.   Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 121 above as though fully set forth herein.

140.   On information and belief, LAPD **Doe Defendants 1-4** directly participated in the physical abuse and illegal and excessively forceful arrests of Plaintiffs, and each of them, as alleged above.

141.   On information and belief, LAPD Supervisor **Does 5-10**, inclusive were supervisors and/or policy makers for the LAPD who caused, set in motion, ordered, or whose actions otherwise were a substantial factor in causing the constitutional violations perpetrated by individual officers against Plaintiffs, and each of them, as alleged herein.

142.   On information and belief, USC DPS Supervisor Does **18-20**, inclusive were supervisors and/or policy makers for the USC DPS who caused, set in motion, ordered, or whose actions otherwise were a substantial factor in causing the constitutional violations perpetrated by individual officers against Plaintiffs, and each of them, as alleged herein.

143.   In doing each and all of the acts alleged in this Complaint, each said Defendant was acting under color of law.

144.   By their conduct herein alleged, Defendants intentionally, willfully and without justification, did deprive Plaintiffs, and each of them, their rights secured to them by the Constitution and laws of the United States, including but not limited to their right to due process and equal protection as provided by the Fourteenth Amendment, in violation of 42 U.S.C § 1983, because of their race.

145.   As alleged herein, each Defendant knew that predominately African-Americans and minorities attended the party at 1222, while predominately Caucasians attended the party at 1223. Each Defendant further knew that the parties were of similar or identical size in terms of number of attendees, and

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

demographic in terms of approximate age of attendees (these were student parties). Each defendant further knew that the purpose of the request for law enforcement intervention was a "noise complaint" and, upon arrival, each defendant knew that both the 1222 and 1223 parties were playing music and that there was noise emanating from both locations.

146.   Despite knowledge of these facts, **LAPD Individual Defendants** and **Doe Defendants 1-4**, who, upon information and belief, were acting at the behest of, under the direction of, under the order of, or otherwise in coordination with and/or assistance of USC DPS **Doe Defendants 11-15**, intentionally chose the African-American and minority students, who for all purposes other than their skin color were similarly situated to the Caucasian students across the street, as the targets of the forceful and illegal arrests and seizures, unreasonable uses of force and intimidation, abuses and falsifications of reports as complained of herein.

147.   Said Defendants' decision to so act was, on its face, discriminatory on the basis of race, as said Defendants treated similarly situated students and party attendees differently on the basis of race, alone. Further, said Defendants actions were motivated inflict punishment for a perceived slight or some other baseless, imaginings of Defendants, and as such were not narrowly tailored to achieve a compelling State interest.

148.   At all times relevant to this complaint, Plaintiffs, and each of them, enjoyed a right to equal protection under the law; a right afforded them by the Constitution of the United States and the Fourteenth Amendment to the Constitution of the United States. This right included the right to be free from illegal government action, including official action taken under color of law, which discriminated against Plaintiffs on the basis of their race, and treated them differently than others similarly situated on the basis of the race. Defendants violated this right when engaging in the wrongful conduct alleged herein.

149.   As a direct and proximate result of the aforementioned acts of each

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

31

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

said defendant in violating Plaintiffs' Equal Protection Rights, Plaintiffs, and each of them, have suffered the injuries alleged in this Complaint, all to their damages in a sum according to proof at trial.

# X.

## SIXTH CAUSE OF ACTION

## STATE LAW – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### *(As Against LAPD INDIVIDUAL DEFENDANTS, LAPD DOE DEFENDANTS 1-4, and USC DPS DOE DEFENDANTS 11-20)*

150.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 121 and 140 through 149 above as though fully set forth herein.

151.    The conduct of **LAPD Individual Defendants** and LAPD **Doe Defendants 1-4** and **USC DPS Doe Defendants 11-15** in unlawfully and unjustifiably assaulting, intimidating, berating and humiliating Plaintiffs for no justifiable reason or cause and the use of unlawful and excessive force on Plaintiffs knowing that Plaintiffs had done nothing wrong nor illegal in their presence, and thereafter, to punish them for deigning to refuse to be subjected to wrongful and illegal behavior, to proceed to issue false arrest reports, with no probable cause to believe Plaintiffs had committed any crime, was outrageous and exceeded the bounds of conduct usually tolerated in this society.

152.    Additionally, each said defendant chose to use his position of power and authority conferred upon him by law as a Peace Officer in order to effect the injustices upon Plaintiffs as alleged in paragraph 151 above was outrageous, and exceeded the bounds of conduct usually tolerated in this society.

153.    **Defendant City of Los Angeles** is liable under the principles of *respondeat superior* for the aforementioned acts of said **LAPD Individual Defendants** and **Doe Defendants 1-4** pursuant to California Government Code

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

Section 815.2.

154.   **Defendant USC** is liable under common law principles of *respondeat superior* for the aforementioned acts of said **Doe Defendants 11-15**, who upon information and belief were USC DPS officers acting within the course and scope of their employment with, and as agents of, **Defendant USC** when committing said acts.

155.   Defendants, in engaging in the aforementioned conduct, intended to cause Plaintiffs emotional distress and/or acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress.

156.   Defendants' conduct was a substantial factor in causing Plaintiffs, and each of them, to suffer and to continue to suffer from severe emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance, all in amounts according to proof at trial.

157.   The aforementioned acts of said individual defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants in an amount to deter such misconduct in the future.

# XI.
## SEVENTH CAUSE OF ACTION
### STATE LAW – ASSAULT AND BATTERY
### (As Against LAPD INDIVIDUAL DEFENDANTS, LAPD DOE DEFENDANTS 1-4, USC DPS DOE DEFENDANTS 11-15, and CITY OF LOS ANGELES, and USC)

158.   Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 121 and 140 through 157 above as though fully set forth herein.

159.   In unjustifiably and unlawfully using excessive force to beat and/or forcefully arrest Plaintiffs without probable cause as alleged, defendants and each

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

of them touched Plaintiffs with the intent to harm or offend Plaintiffs, or touched Plaintiffs with a willful disregard of Plaintiffs' rights.

160.   Plaintiffs did not consent to this harmful and offensive touching.

161.   A reasonable person would be harmed and/or in the very least offended if forcefully arrested without having done anything wrong or illegal.

162.   **Defendant City of Los Angeles** is liable under the principles of *respondeat superior* for the aforementioned acts of said **LAPD Individual Defendants** and LAPD **Doe Defendants 1-4** pursuant to California Government Code Section 815.2.

163.   **Defendant USC** is liable under common law principles of *respondeat superior* for the aforementioned acts of said USC DPS **Doe Defendants 11-15**, who upon information and belief were USC DPS officers acting within the course and scope of their employment with, and as agents of, **Defendant USC** when committing said acts.

164.   As a direct and proximate result of said Defendants' conduct, Plaintiffs, and each of them, suffered serious, permanent, physical, psychological and emotional injuries, which required and will continue to require medical and/or psychological treatment, all to their special damages in an amount according to proof at trial.

165.   The aforementioned acts of said individual defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants in an amount to deter such misconduct in the future.

## XII.

## EIGHTH CAUSE OF ACTION

## STATE LAW – RACIAL DISCRIMINATION IN VIOLATION OF THE UNRUH ACT [Cal. Civ. Code §§ 51, 52]

### *(As Against USC)*

34

166.   Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 121 and 139 through 165 above as though fully set forth herein.

167.   **Defendant USC** is a for-profit business entity, a prominent commercial force and ongoing business concern in the Los Angeles Community, and therefore is a "business establishment" under the broad definition afforded in the Unruh Act.

168.   **Defendant USC**, by and through the actions of its agents and employees, USC DPS, and specifically USC **Doe Defendants 17-20**, inclusive who upon information and belief were supervisors and/or policy makers for the USC DPS who caused, set in motion, ordered, or whose actions otherwise were a substantial factor in causing the constitutional violations perpetrated by individual officers against Plaintiffs, and each of them, as alleged herein, did engage in a deliberate course of conduct motivated by the desire to specifically target African-American and minority students for forceful and unlawful seizures by the individual officers as alleged herein.

169.   Such discriminatory actions perpetrated by the USC DPS, and specifically **Doe Defendants 17-20**, as alleged in this Complaint, were committed within the course and scope of their employment with **Defendant USC**, and **Defendant USC** is therefore vicariously liable for said actions.

170.   On information and belief, **Defendant USC**, by and through its agents USC DPS and **Doe Defendants 17-20** has engaged in an ongoing pattern and practice of discriminating against African-American and minority students on the basis of race; said pattern and practice, which has gone uncorrected by **Defendant USC** despite knowledge thereof, was a substantial factor contributing to the constitutional violations against Plaintiffs as alleged in this Complaint.

> a.   For Example, on April 13, 2013, LAPD officers, at the behest and direction of unknown USC DPS personnel, arrived in excessive numbers to disband a gathering of African-American and minority students.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

b.  During that encounter, Defendant Carlyle was interviewed by a student asking why the Police show up in such numbers to predominately African-American and minority student gatherings, and Defendant Carlyle responded, "When USC calls us, this is how we show up" and **"They call for us, and they [USC DPS] give us a different story than what's actually happening."**

c.  Additionally, the only previous incident Defendant Carlyle could recall where LAPD officers showed up in large numbers to a mostly Caucasian student party was the 2008 riot, where over 1,000 students were engaging in dangerous activity, consuming drugs in front of Police, and inciting violence.

171.   Such disparate treatment of African-American and minority students highlights a longstanding practice of USC DPS purposefully targeting said students for harassment and increased and illegal police scrutiny in their affairs apparently for no other reason than their belonging to a racial minority, in violation of said students' right to equal protection under the laws of the State of California.

172.   At all times relevant to this complaint, Plaintiffs, and each of them, enjoyed the right to be free and equal, regardless of their race, and were entitled to full and equal accommodations, services, advantages, and privileges available to other students at USC. **Defendant USC**, by and through it agent USC DPS denied Plaintiffs such equality when engaging in the deliberate and discriminatory actions alleged in this Complaint.

173.   The actions of **Defendant USC**, by and through its agents and employees, USC DPS, and specifically **Doe Defendants 17-20**, as alleged herein of deliberately discriminating against African-American and minority students on the basis of their race was a substantial factor in causing the unreasonable, forceful, and discriminatory response to the noise complaint underlying the immediate incident by individual LAPD and USC DPS officers and the unlawful arrests of

36

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

Plaintiffs, and each of them, in this case.

174.   As a direct and proximate result, Plaintiffs, and each of them, were exposed to the unlawful and abusive arrests alleged herein, and suffered physical and emotional damages, including the emotional harm associated with being identified by **Defendant USC** as not entitled to the equal protections it affords other students, therefore marginalizing Plaintiffs and reinforcing damaging societal norms and perceptions that Plaintiffs are less worthy as human beings, all contributing to their damages in a sum according to proof at trial.

## XIII.

## NINTH CAUSE OF ACTION

## STATE LAW – FRAUDULENT MISREPRESENTATION

### *(As Against USC)*

175.   Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 121 and 139 through 174 above as though fully set forth herein.

176.   Immediately after the incident underlying this Complaint, **Defendant USC**, by and through its agent and employee, then-Vice President of USC Student Affairs Dr. Michael Jackson, confirmed in a packed auditorium during a May 7, 2013, Town Hall meeting that it was indeed unacceptable for the Plaintiffs to have to hunt down their professors to seek academic accommodations and arrange their own psychological counseling for the disruption these arrests caused.

177.   **Defendant USC**, by and through its agent and employee, then-Vice President of USC Student Affairs Dr. Michael Jackson, made the affirmative assurance of material and important fact that **Defendant USC** was going to provide academic accommodations to Plaintiffs, and each of them, and made such assurances with the intent that Plaintiffs relied on said assurances.

178.   It was reasonable, in light of Plaintiffs' circumstances at the time, that they would rely on the assurances of **Defendant USC** to help them with academic

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6600
Fax: (213) 596-6010

accommodations, especially in light of the fact that they had final examinations coming in the two weeks following their wrongful arrests, and at the time **Defendant USC** made these assurances, Plaintiffs were still forced to stand in limbo as to whether the City Attorney's Office was going to file criminal charges and force Plaintiffs to defend themselves in criminal court for crimes they did not commit.

179.   As such, Plaintiffs, and each of them, placed significant reliance on **Defendant USC's** promise to accommodate them academically.

180.   Defendant's representations, however, were false and on information and belief, then-Vice President of USC Student Affairs Dr. Michael Jackson knew they were false, or made the representations recklessly without regard for their truth.

181.   **Defendant USC**, on information and belief, never intended to honor the promise, and indeed, to this date, has not honored the promise and Plaintiffs have not been the afforded academic accommodations that were promised.

182.   As a direct and proximate result of **Defendant USC's** intentional misrepresentations, Plaintiffs have suffered additional exacerbation of the effects of the arrests, have been prevented from having any certainty or finality to their academic affairs, and suffered an inability to perform to their fullest potential as students during their academic finals, therefore hindering their future potential resulting in loss of earning capacity and emotional injuries all to their damages in a sum according to proof at trial.

# XIV.

## TENTH CAUSE OF ACTION

### STATE LAW – NEGLIGENT MISREPRESENTATION

#### *(As Against USC)*

183.   Plaintiffs repeat and re-allege each and every allegation of paragraphs

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

1 through 121 and 139 through 174 above as though fully set forth herein, and, as an alternative theory of liability to paragraphs 176 through 182, allege as follows:

184.   Immediately after the incident underlying this Complaint, **Defendant USC**, by and through its agent and employee, then-Vice President of USC Student Affairs Dr. Michael Jackson, confirmed in a packed auditorium during a May 7, 2013, Town Hall meeting that it was indeed unacceptable for the Plaintiffs to have to hunt down their professors to seek academic accommodations and arrange their own psychological counseling for the disruption these arrests caused.

185.   **Defendant USC**, by and through its agent and employee, then-Vice President of USC Student Affairs Dr. Michael Jackson, made the affirmative assurance of material and important fact that **Defendant USC** was going to provide academic accommodations to Plaintiffs, and each of them, and made such assurances with the intent that Plaintiffs relied on said assurances.

186.   It was reasonable, in light of Plaintiffs' circumstances at the time, that they would rely on the assurances of **Defendant USC** to help them with academic accommodations, especially in light of the fact that they had final examinations coming in the two weeks following their wrongful arrests, and at the time **Defendant USC** made these assurances, Plaintiffs were still forced to stand in limbo as to whether the City Attorney's Office was going to file criminal charges and force Plaintiffs to defend themselves in criminal court for crimes they did not commit.

187.   As such, Plaintiffs, and each of them, placed significant reliance on **Defendant USC's** promise to accommodate them academically.

188.   Defendant's representations, however, were false and then-Vice President of USC Student Affairs Dr. Michael Jackson had no reasonable grounds for believing them to be true.

189.   **Defendant USC**, to this date, has not honored the promise and Plaintiffs have not been the afforded academic accommodations that were

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

promised.

190.   As a direct and proximate result of **Defendant USC's** negligent misrepresentations, Plaintiffs have suffered additional exacerbation of the effects of the arrests, have been prevented from having any certainty or finality to their academic affairs, and suffered an inability to perform to their fullest potential as students during their academic finals, therefore hindering their future potential resulting in loss of earning capacity and emotional injuries all to their damages in a sum according to proof at trial.

## XV.
## **PRAYER**

WHEREFORE, each PLAINTIFF prays for judgment against Defendants and each of them as follows:

a)   Past, present and future compensatory general and special damages in amounts according to proof;

b)   Exemplary damages, ONLY as against each INDIVIDUAL police officer, supervisory, and policy maker defendant - as spelled out in each cause of action, in an amount sufficient to deter and to make an example of each said individual defendant;

c)   Reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. §1988;

d)   Costs of the suit necessarily incurred herein; and

e)   Such further relief as the Court may deem just or proper.

///
///
///

40

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

1

Dated: June 10, 2014

KHORRAMI BOUCHER SUMNER
SANGUINETTI, LLP

2

3

By: _____

4

RAYMOND BOUCHER, ESQ

5

THE D FIRM, A PROFESSIONAL LAW
CORPORATION

6

7

By: /s/*Fred Dorton*

8

FRED DORTON, ESQ.

9

10

LAW OFFICES OF HERMEZ MORENO,
PC

11

12

By: /s/ *Hermez Moreno*

13

HERMEZ MORENO, ESQ.

14

15

*Attorneys for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

27

28

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS 42 USC § 1983

1

## XVI.

2

## DEMAND FOR JURY TRIAL

3

4          PLAINTIFFS, and each of them, respectfully demand that the present matter

5    be set for a jury trial.

6

7    Dated: June 10, 2014                        KHORRAMI BOUCHER SUMNER

8                                                SANGUINETTI, LLP

9

10                                               By: _____

11                                               RAYMOND BOUCHER, ESQ.

12                                               THE D FIRM, A PROFESSIONAL LAW

13                                               CORPORATION

14                                               By:  _/s/Fred Dorton_____

15                                               FRED DORTON, ESQ.

16                                               LAW OFFICES OF HERMEZ MORENO,

17                                               PC

18                                               By:  _/s/Hermez Moreno_____

19                                               HERMEZ MORENO, ESQ.

20

21                                               *Attorneys for Plaintiffs*

22

23

24

25

26

27

28

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

42

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

RAYVEN VINSON, an Individual; CHRISTIAN
SUTTON, an Individual; OLAOLUWA BAYODE,
an Individual; DEBBIE RUMBO, an Individual;
FRANCES WANG, an Individual, and JASON
SNEED, an Individual,
        *Plaintiff(s)*

v.

CITY OF LOS ANGELES, A Public Entity; UNIVERSITY
OF SOUTHERN CALIFORNIA, A Private Corporate Entity;
LAPD OFFICER CARLYLE; LAPD OFFICER ROSE; LAPD
OFFICER MORAN; LAPD OFFICER ROCKETT; LAPD
OFFICER PEAKE; LAPD OFFICER CHIU; LAPD OFFICER
WOLFCHIEF; LAPD OFFICER AYALA; LAPD OFFICER
CORDOBA; LAPD SERGEANT WASHINGTON; LAPD
OFFICER BARRIENTOS; LAPD OFFICER MARX; *and Does 1-10 Inclusive*

        *Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)
)

**CV14-4488** *PLA*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

 

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        Raymond P. Boucher, Esq.
        KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
        444 S. Flower Street - 33rd Floor
        Los Angeles, CA 90071

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: 6-11-4

CLERK OF COURT

Signature of Clerk or Deputy Clerk

1149

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| RAYVEN VINSON, an Individual; CHRISTIAN SUTTON, an Individual; OLAOLUWA BAYODE, an Individual; DEBBIE RUMBO, an Individual; FRANCES WANG, an Individual, and JASON SNEED, an Individual | SEE ATTACHMENT 1 |

| (b) County of Residence of First Listed Plaintiff   LOS ANGELES | County of Residence of First Listed Defendant   LOS ANGELES |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|
| SEE ATTACHMENT 1 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding  ☐ 2. Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Reinstated or Reopened  ☐ 5. Transferred from Another District (Specify)  ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. SEC. 1983; VIOLATION OF CIVIL RIGHTS; 4TH AMENDMENT AND EQUAL PROTECTION CLAUSE VIOLATIONS AGAINST PLAINTIFFS BY POLICE AND AUTHORITY PERSONS ACTING UNDER COLOR OF STATE LAW

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee ☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

CV14 - 4488

| FOR OFFICE USE ONLY:     Case Number: | |
|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?          [X] NO          [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any cases previously filed **in this court**?          [X] NO          [ ] YES

If yes, list case number(s): _____

**Civil cases are related when they:** (1) arise from the same or a closely related transaction, happening, or event; (2) call for determination of the same or substantially related or similar questions of law and fact; or (3) for other reasons would entail substantial duplication of labor if heard by different judges. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____          DATE: June 10, 2014          _____

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

*ATTACHMENT (1) TO CIVIL COVER SHEET*
*RAYVEN VINSON, et al. v. CITY OF LOS ANGELES, et al.*

Plaintiffs:
RAYVEN VINSON, an Individual; CHRISTIAN SUTTON, an Individual;
OLAOLUWA BAYODE, an Individual; DEBBIE RUMBO, an Individual;
FRANCES WANG, an Individual, and JASON SNEED, an Individual

Defendants:
CITY OF LOS ANGELES, A Public Entity; UNIVERSITY OF SOUTHERN
CALIFORNIA, A Private Corporate Entity; LAPD OFFICER CARLYLE; LAPD
OFFICER ROSE; LAPD OFFICER MORAN; LAPD OFFICER ROCKETT;
LAPD OFFICER PEAKE; LAPD OFFICER CHIU; LAPD OFFICER
WOLFCHIEF; LAPD OFFICER AYALA; LAPD OFFICER CORDOBA; LAPD
SERGEANT WASHINGTON; LAPD OFFICER BARRIENTOS; LAPD
OFFICER MARX; and DOE DEFENDANTS     1-50, Inclusive

Attorneys for Plaintiffs:
RAYMOND BOUCHER, ESQ., SBN 115364
        rboucher@kbsslaw.com
BRIAN BUSH, ESQ., SBN 294713
        bbush@kbsslaw.com
KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone:  (213) 596-6000
Facsimile:  (213) 596-6010

FRED DORTON, ESQ., SBN 237121
        fred@thedfirm.com
THE D FIRM, A Professional Law Corporation
9701 Wilshire Boulevard, Tenth Floor
Beverly Hills, CA 90212
Telephone: (310) 734-6455
Facsimile: (310) 734-6411

HERMEZ MORENO, ESQ., SBN 72009
        hmoreno@kbsslaw.com
LAW OFFICES OF HERMEZ MORENO, PC
444 S. FLOWER St., 33rd Floor
Los Angeles, CA 90071
Telephone:  (213) 596-6000
Facsimile:  (213) 596-6010