| | |
|---|---|
| RAYMOND BOUCHER, ESQ., SBN 115364<br>rboucher@kbadvocates.com<br>BRIAN M. BUSH, ESQ., SBN 294713<br>bbush@kbadvocates.com<br>KHORRAMI BOUCHER, LLP<br>444 S. Flower St., 33rd Floor<br>Los Angeles, CA 90071<br>Telephone:  (213) 596-6000<br>Facsimile:   (213) 596-6010<br><br>HERMEZ MORENO, ESQ., SBN 72009<br>hmoreno@kbadvocates.com<br>LAW OFFICES OF HERMEZ MORENO, PC<br>444 S. FLOWER St., 33rd Floor<br>Los Angeles, CA 90071<br>Telephone:  (213) 596-6000<br>Facsimile:   (213) 596-6010 | FRED DORTON, ESQ., SBN 237121<br>fred@thedfirm.com<br>THE D FIRM, A Professional Law Corporation<br>9701 Wilshire Boulevard, Tenth Floor<br>Beverly Hills, CA 90212<br>Telephone: (310) 734-6455<br>Facsimile: (310) 734-6411<br><br>*Attorneys for Plaintiffs, Rayven Vinson, Christian Sutton, Olaoluwa Bayode, Debbie Rumbo, Frances Wang, and Jason Sneed*<br><br>LANCE M. FILER, ESQ., SBN 284189<br>lance@filerpalmer.com<br>FILER-PALMER<br>9701 Wilshire Boulevard, Tenth Floor<br>Beverly Hills, CA 90212<br>Telephone: (310) 601-7113<br>Facsimile: (310) 388-0390<br><br>*Attorneys for Plaintiff, Teremy Jackson* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYVEN VINSON, et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>             Defendants. | Case No. CV 14-4488 PLA<br><br>**DECLARATION OF BRIAN M. BUSH**<br><br>HEARING<br>Date: December 16, 2014<br>Time: 10:00 a.m.<br>Place: Courtroom G, 9th Floor<br>Judge: Hon. Paul L. Abrams |

///

///

1

**I, Brian M. Bush, hereby declare as follows:**

1. I am an attorney duly licensed to practice law in all the courts of the State of California, and in the Federal District Court for the Central District of California. I am an associate with KHORRAMI BOUCHER, LLP and, along with co-counsel, represent the Plaintiffs in this matter, with the exception of Teremy Jackson, represented by Mr. Lance Filer. I am familiar with this case and the matters contained in Plaintiffs' Opposition to Defendant USC's Motion to Dismiss the First Amended Complaint. If called upon to testify concerning the matters in this declaration, I could and would do so competently of my own knowledge.

2. On October 7, 2014, the Court submitted its Order granting Defendant USC's motion to dismiss the complaint (Docket 30.) Plaintiffs were allowed leave to amend. In their First Amended Complaint, ("FAC") Plaintiffs attempted to remedy the defects highlighted by the Court's ruling in Dkt. 30, including correcting the Local Rules violations concerning Doe Defendants, and alleging USC DPS Officers' involvement in the events at issue without reference to video evidence, among other amendments.

3. All told the FAC represents a comprehensive effort totaling over 415 edits of substance, style, organization and formatting (using Microsoft Word document comparison tool). This analysis was done after Defendant made the rather bald assertion in their most recent motion that Plaintiffs had only added "three allegations" to the FAC.

4. On November 10, 2014, I received an email from Defense Counsel, Mr. Ross Halper, suggesting the parties meet and confer under L.R. 7-3 on USC's intention to move for dismissal. The suggested date to do so was Thursday, November 13. Counsel for Defendant, Matthew Hoffman was copied to the email. A series of emails proceeded during which three observations are clear: (1) Defendants misunderstood the timing requirements under the Local Rules to meet

and confer prior to filing the motion; (2) Plaintiffs were less concerned about the timing issue and more concerned about giving meaning to the purpose of L.R. 7-3; and (3) Defendants were apparently not as concerned with having a thorough discussion in an effort to resolve pleading challenges without necessitating Court intervention. This series of emails is attached hereto as **Exhibit A**.

5.  Despite this fact, the parties engaged in conversation on November 14, 2014, which, by the end of it, gave Plaintiffs hope that Defendants were interested in a collaborative effort. Defense Counsel Matthew Hoffman agreed that the parties would reconvene the following Friday, November 21, 2014, by phone to further discuss those portions of the Complaint that Plaintiffs believed could be improved, those portions that Defendants believed passed muster under the pleading requirements, and those remaining portions the parties felt would need to be brought before the court. Mr. Dorton, Mr. Halper, and Mr. Filer, and myself were all parties to this agreement.

6.  Defendants filed their motion four days later, however. Plaintiffs were not afforded the opportunity to continue in the collaboration they were trying to foster. For these reasons, should the court find any fault in any portion of the pleadings at this stage, Plaintiffs would respectfully state that a second opportunity to amend is justified.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 25TH Day of November, 2014 at Los Angeles, California.

KHORRAMI BOUCHER, LLP

By:  */s/ Brian M. Bush*
     Brian M. Bush, Esq.

3