UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| RAYVEN VINSON, et al., | ) | No. CV 14-4488-PLA |
| Plaintiffs, | ) | |
| v. | ) | **ORDER RE: TRIAL AND TRIAL PREPARATION** |
| CITY OF LOS ANGELES, et al., | ) | |
| Defendants. | ) | |

IT IS ORDERED as follows:

1. The last day for adding parties or amending pleadings shall be **no later than March 27, 2015**. All motions to add other parties or amend the pleadings shall be noticed for hearing on or before the cut-off date. All unserved parties will be dismissed at the time of the Final Pretrial Conference pursuant to Local Rule 16-8.1.

2. All non-expert discovery in this matter shall be completed **no later than August 14, 2015.** All expert discovery shall be completed **no later than October 9, 2015** (with initial expert disclosures due **no later than August 14, 2015**, and rebuttals **no later than September 18, 2015**). Any motions concerning discovery shall be filed in sufficient time so that, if discovery is ordered, it can be produced **by the relevant discovery cut-off date**. The Court instructs the parties that no discovery motions may be filed unless every effort has been made by the parties,

in conformity with Local Rule 37, to resolve such disputes through the meet and confer process. The Court may well impose sanctions upon a party that it finds has not acted in good faith in connection with discovery issues.

3.  Jury trial in this matter is scheduled to begin on **Tuesday, February 16, 2016, at 8:00 a.m.**  The last day to conduct a settlement conference is **October 9, 2015**.  The parties shall notify the Court of the preferred method of mediation **no later than January 16, 2015.**

4.  Dispositive motions, if any, shall be filed so that the hearing thereon is scheduled for **no later than November 24, 2015**.

5.  The parties shall meet together in person **no later than December 22, 2015**, and attempt, in good faith, to resolve any objections to the admission of oral and documentary evidence.  During the meet and confer, the parties shall also discuss and attempt to work out all issues required by Local Rule 16-2.  Motions in limine must be filed **no later than December 29, 2015**; oppositions must be filed **no later than January 5, 2016**; replies must be filed **no later than January 12, 2016.**  A hearing on motions in limine is set for **February 2, 2016, at 9:30 a.m.**

6.  **No later than December 29, 2015**, each party shall serve and file its Memorandum of Contentions of Fact and Law, in full compliance with Local Rule 16-4.

7.  **No later than December 29, 2015**, the parties shall lodge or file (either individually or jointly as set forth below) each of the following documents:

   A.  <u>Joint Witness List</u>:  The parties shall file a Joint Witness List, which shall include percipient and expert witnesses in the order in which it is anticipated that they will be called, and a summary of their anticipated testimony.  It is not necessary to list witnesses who will be used solely for impeachment purposes.

   B.  <u>Joint Exhibit List</u>:  The parties shall file a Joint Exhibit List, including any graphics or demonstrative aids intended to be used at trial, regardless of whether they are intended to be introduced into evidence.  The exhibits shall be numbered pursuant to Local Rule 26-3 and prepared according to the format set forth in Local Rule 16-6.  In addition to the requirements of Local

     Rule 16-6, the parties shall include a separate column which indicates whether the parties have stipulated to the admission of the particular exhibit. *If a stipulation regarding the admissibility of an exhibit cannot be achieved, the parties are directed to attempt to reach a stipulation regarding such matters as foundation and waiver of the best evidence rule. The parties' goal should be to reach a stipulation regarding the admissibility of <u>all</u> proposed exhibits.*

  C. <u>Lodging of Original Exhibits and Exhibit Books</u>: No later than the deadline set above, the parties shall lodge with the court clerk: (a) the original exhibits with the court's exhibit tags (yellow tags for plaintiff and blue tags for defendant) stapled to the front of the exhibit on the upper right corner with the case number, case name, and exhibit number recorded on each tag; (b) two (2) bench books containing a copy of each proposed exhibit for use by the Court, tabbed with numbers as described above[1]; (c) three (3) copies of the Joint Exhibit List; and (d) three (3) copies of the Joint Witness List.

 8. Each party shall prepare its exhibits for presentation at trial by placing them in three-ring binders which are indexed by exhibit number with tabs or dividers on the right side and labeled on the spine.

 9. A. The parties shall exchange proposed jury instructions, verdict forms and special interrogatories **no later than January 12, 2016**. The parties shall then confer with the objective of submitting one set of agreed upon substantive instructions, verdict forms and, if necessary, special interrogatories. "Substantive jury instructions" means all instructions relating to the elements of all claims and defenses in the case. If possible, the Court

---

[1] The exhibits in the bench book should be numbered and indexed, but need not have court exhibit tags attached.

3

would appreciate the parties delivering to chambers a copy of these filings on disk in WordPerfect format at the time the documents are filed.

B. The joint set of jury instructions shall be filed **no later than January 19, 2016.**

C. If the parties cannot agree upon one complete set of substantive instructions, verdict forms and/or special interrogatories, they shall file, **no later than January 19, 2016,** two documents with the Court: a joint document reflecting the agreed upon instructions, verdict forms, and interrogatories, and a second document in the form of a joint statement regarding the disputed instructions, verdicts and interrogatories in the following format for each instruction, verdict and interrogatory at issue:

   i. A separate page containing the text of the disputed language with an identification of the party proposing it;

   ii. Following the instruction, the opposing party's statement of objections to the instruction along with legal authority in support of the argument (not to exceed <u>one</u> page) and proposed alternative language where appropriate;

   iii. The proposing party's response to the objection with legal authority supporting the proposed language, not to exceed <u>one</u> page.

D. All proposed jury instructions shall be in the format specified by Local Rule 51-2. The parties need not submit a separate copy of instructions without citations to authority.

E. A table of contents shall be included with all jury instructions submitted to the Court. The table of contents shall set forth the following:

   i. The number of the instruction;

   ii. A brief title of the instruction;

   iii. The source of the instruction; and

   iv. The page number of the instruction.

For example:

| Number | Title | Source | Page Number |
| --- | --- | --- | --- |
| 1 | Burden of Proof | 9th Cir. 12.2 | 5 |

F. The Court directs counsel to use the instructions from the <u>Ninth Circuit Manual of Model Jury Instructions</u> where applicable. Where California Law is to be applied and the above instructions are not applicable, the Court prefers counsel to use <u>California Civil Jury Instructions - Civil (BAJI)</u>. If neither of these sources is applicable, counsel are directed to use the instructions in Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>.

G. Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

10. The final pretrial conference will be held on **February 2, 2016, at 9:30 a.m.** See Local Rules 16-7 and 16-8. The proposed final pretrial order shall be lodged **no later than January 19, 2016**.

11. The parties' trial briefs (not to exceed 15 pages) shall be filed no later than **February 9, 2016**.

12. Failure of any party or their counsel to comply with any of the provisions of this Order may result in sanctions being imposed.

DATED: December 17, 2014

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

5