1  DEBRA WONG YANG, SBN 123289
     dwongyang@gibsondunn.com
2  MATTHEW A. HOFFMAN, SBN 227351
     mhoffman@gibsondunn.com
3  ROSS HALPER, SBN 253488
     rhalper@gibsondunn.com
4  ANDREW G. PAPPAS, SBN 266409
     apappas@gibsondunn.com
5  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
6  Los Angeles, CA  90071-3197
   Telephone:  213.229.7000
7  Facsimile:   213.229.7520

8  Attorneys for Defendants
   UNIVERSITY OF SOUTHERN CALIFORNIA
9  & CHIEF JOHN THOMAS

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12  RAYVEN VINSON, an Individual;           CASE NO. 14-4488-PLA
    CHRISTIAN SUTTON, an Individual;
13  OLAOLUWA BAYODE, an Individual;         **DEFENDANTS UNIVERSITY OF**
    DEBBIE RUMBO, an Individual;            **SOUTHERN CALIFORNIA AND**
14  FRANCES WANG, an Individual;            **CHIEF JOHN THOMAS'S**
    JASON SNEED, an Individual; and         **OPPOSITION TO PLAINTIFFS'** *EX*
15  TEREMY JACKSON, an Individual,          *PARTE* **APPLICATION TO EXTEND**
                                            **TIME**
16                  Plaintiffs,
                                            [Declaration of Matthew A. Hoffman Filed
17          v.                              Concurrently Herewith]

18  CITY OF LOS ANGELES, a Public           **Hearing:**
    Entity; UNIVERSITY OF SOUTHERN          Date:       Not Set
19  CALIFORNIA, a Private Corporate         Time:       Not Set
    Entity; CHIEF JOHN THOMAS, in his       Place:      Courtroom G, 9th Floor
20  individual and official capacity as Chief   Judge:   Hon. Paul L. Abrams, U.S.
    of USC Department of Public Safety;                  Magistrate Judge
21  LAPD OFFICER CARLYLE; LAPD
    OFFICER ROSE; LAPD OFFICER
22  MORAN; LAPD OFFICER
    ROCKETT; LAPD OFFICER PEAKE;
23  LAPD OFFICER CHIU; LAPD
    OFFICER WOLFCHIEF; LAPD
24  OFFICER AYALA; LAPD OFFICER
    CORDOBA; LAPD SERGEANT
25  WASHINGTON; LAPD OFFICER
    BARRIENTOS; LAPD OFFICER
26  MARX; and DOES 1-10, Inclusive,

27                  Defendants.

28

UNIVERSITY OF SOUTHERN CALIFORNIA DEFENDANTS'
OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION TO EXTEND TIME

1    **OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION**

2    Plaintiffs' failure to timely oppose the USC Defendants'[1] Motion to Dismiss the

3    Second Amended Complaint ("Motion") only confirms that each of Plaintiffs' claims

4    against the USC Defendants should be dismissed with prejudice.  And while Boucher

5    LLP's *Ex Parte* Application to Extend Time to file opposition papers (the

6    "Application") chronicles Plaintiffs' counsels' gross negligence, it gives no reason

7    why that negligence should be excused.  The Application should be denied.

8        ***First***, although styled as "***Plaintiffs'***" *ex parte* application, the Application is

9    filed by a law firm, Boucher LLP, that vigorously contends that it does not represent

10   Plaintiffs.  Boucher LLP obviously cannot file a brief on behalf of clients it does not

11   represent.

12       ***Second***, although Boucher LLP attempts to justify the Application based on

13   supposed "recent changes in Plaintiffs' legal team," the Application makes clear that

14   those changes occurred at least *two months* ago.

15       ***Third,*** the Application does not describe any *excusable* neglect that would

16   justify the after-the-fact extension Boucher LLP seeks.  Boucher LLP does not and

17   cannot claim that any of Plaintiffs' lawyers were unaware of the deadline to oppose

18   USC's Motion.  Instead, it seeks an extension based on the apparent unwillingness of

19   The Dorton Firm—the law firm Boucher LLP claims actually represents Plaintiffs—to

20   oppose USC's Motion.  That is so even though The Dorton Firm served Plaintiffs'

21   initial disclosures just hours after Boucher LLP notified USC's counsel of Boucher

22   LLP's intent to seek *ex parte* relief, clearly demonstrating that The Dorton Firm

23   continues to represent Plaintiffs.

24       Boucher LLP's bizarre Application should be denied, and USC's motion to

25   dismiss should be granted with prejudice.

26

---

27   [1]  Defendants University of Southern California, USC Department of Public Safety
     Chief John Thomas ("Chief Thomas"), and the unnamed USC DPS Doe Defendants

28   are collectively referred to as "USC Defendants."

1

Gibson, Dunn &
Crutcher LLP

# I.    ARGUMENT

## A.    Defendant's Motion Should Be Granted Because Plaintiffs Consented to Its Granting by Not Timely Opposing It

Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion."

The USC Defendants filed their Motion on January 23, 2015, and noticed the hearing for March 3, 2015.  Doc. 54.  Local Rule 7-9 requires that:

> [e]ach opposing party shall, . . . not later than twenty-one (21) days before the date designated for the hearing of the motion . . ., serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that the party will not oppose the motion.

Here, Plaintiffs' required opposition or statement of non-opposition had to be filed with this Court by February 10, 2015.  Their failure to do so should "be deemed consent to the granting" of the USC Defendants' Motion.  L.R. 7-12.

Plaintiffs were well aware that the Second Amended Complaint ("SAC") was their "**one final opportunity** to present a complaint that include[d] all facts they want[ed] the Court to consider in determining the sufficiency of the allegations raised against [USC]."  Doc. 46 (emphasis in original).  As the USC Defendants explained in the Motion, however, the SAC still fails to allege facts sufficient to support even a single cause of action against any of the USC Defendants.  Doc. 54.  And Plaintiffs' failure to timely file the required opposition or statement of non-opposition continues a consistent pattern of disregarding the Local and Federal Rules:

- Plaintiffs' initial Complaint named 20 Doe defendants in violation of Local Rule 19-1, which prohibits the filing of a complaint "that includes more than ten (10) Doe or fictitiously named parties."

- Their 30-page Opposition to USC's first motion to dismiss exceeded the Court's page limit by five pages.  Doc. 28; L.R. 11-6.

2

1  • Their First Amended Complaint ("FAC") was filed manually, in violation of

2     Local Rule 15-1 (*see* Doc. 37), and was not served on USC until a day after it

3     was due (*see* Doc. 38-1 ¶ 2), thereby reducing the amount of time USC had

4     to respond to the FAC.

5  • Plaintiffs' Opposition to USC's motion to dismiss the FAC not only was filed

6     a day after it was due, but also invented a quotation that they attributed to the

7     Ninth Circuit and cited a dissenting opinion that it identifies as binding

8     authority—both in violation of Rule 11's requirement that "legal contentions

9     [be] warranted by existing law."  Fed. R. Civ. P. 11(b)(2).

10 **B.    Plaintiffs' Application Should Be Denied**

11       Under the Federal Rules of Civil Procedure, "the court may, for good cause,

12 extend the time" to oppose a motion "if a request is made[] before the original time or

13 its extension expires; or . . . on motion made after the time has expired if the party

14 failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(A)–(B).  Here,

15 Boucher LLP cannot seek an after-the-fact extension of the deadline to oppose USC's

16 Motion to Dismiss both because Boucher LLP insists it does not represent Plaintiffs,

17 and because Plaintiffs' counsels' neglect clearly is not excusable.

18       **1.    The Boucher Firm Cannot Bring an Application On Behalf of**

19              **Plaintiffs**

20       Local Rule 11-1 provides that signed pleadings, motions, and other papers,

21 "except declarations, shall be signed by the attorney for the party."  The Application

22 unambiguously declares that "the law firm of Boucher, LLP has not been retained by

23 any of the plaintiffs," and that "neither Boucher, LLP firm nor its attorneys are

24 retained by Plaintiffs."[2]  The Application thus violates Local Rule 11-1 and should be

25

26       [2] On the morning of February 17, 2015, Shehnaz Bhujwala ("Ms. Bhujwala") of
27 Boucher LLP informed the USC Defendants' counsel that "[t]he *ex parte*
   application and supporting papers will be filed today along with an application to
28 seal this morning."  Hoffman Decl. ¶ 9 & Exh. F.  As of the filing of this brief, the

*(Cont'd on next page)*

3

Gibson, Dunn &
Crutcher LLP

1    denied on this ground alone.[3]

2    **2.     Changes in Plaintiffs' Representation Occurred Two Months Ago**

3    **And Do Not Warrant an Extension of Time**

4    In any event, the purported "recent changes in Plaintiffs' legal representation"

5    that Boucher LLP claims justify the Application in fact occurred *two months ago* and

6    thus cannot excuse Plaintiffs' counsels' neglect.

7    According to the Application, in "early December 2014, attorney Raymond P.

8    Boucher . . . made clear . . . that Mr. Boucher's new law firm, Boucher, LLP, and its

9    attorneys, including Mr. Moreno (Of Counsel) and Mr. Bush, would not be able to take

10   over the case or represent the Plaintiffs."  App. at 1.  Mr. Boucher also made that clear

11   that the appearance by Mr. Bush at the December 18, 2014 hearing would be "the last

12   act of representation and the final work done on the case by [Boucher LLP], after

13   which the Dorton firm would resume sole representational obligations to Plaintiffs."

14   *Id.* at 2.

15   Plaintiffs' current and former attorneys therefore knew that Boucher LLP did

16   _____

17   *(Cont'd from previous page)*

18   USC Defendants have not seen the version of the *ex parte* application that Boucher
     LLP is apparently seeking to file under seal, nor have the USC Defendants seen any
19   versions of the declarations of Raymond P. Boucher, Shehnaz M. Bhujwala, and
     Brian M. Bush that Boucher LLP likewise seeks to file under seal.  *See* Doc. 57;
     Declaration of Matthew A. Hoffman filed concurrently herewith ("Hoffman Decl.")
20   ¶ 10.  In order to timely file this Opposition, the USC Defendants have therefore
     relied on and cite the draft *ex parte* application Ms. Bhujwala sent to the USC
21   Defendants' counsel at approximately 11:32 pm on Friday 13, 2015 ("App.").  *See*
     Hoffman Decl. ¶ 8.  Although the USC Defendants are not aware of any basis on
22   which the Application and supporting declarations could properly be filed under
     seal, the USC Defendants are not attaching the draft Application in an abundance of
23   caution.  The USC Defendants expressly reserve their right to file a supplemental
     memorandum once they have been served with these documents.

24   [3] Given Boucher LLP's assertions that it has never been retained by Plaintiffs, it
     appears that Boucher LLP has been improperly acting on their behalf for some
25   time.  For example, Boucher LLP appears on the docket as Lead Counsel for six of
     seven Plaintiffs (*see generally* Doc.); signed and filed the SAC (Doc. 49 at 55),
26   somehow "inadvertently," according to the Application (App. at 3); requested that
     the Clerk issue a summons on Chief Thomas (Doc. 52); and then signed and filed
27   the instant Application (App.).  Such conduct was willful, grossly negligent, or
     reckless, and is subject to sanctions under Local Rule 83-7.

28

4

Gibson, Dunn &
Crutcher LLP

UNIVERSITY OF SOUTHERN CALIFORNIA DEFENDANTS'
OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION TO EXTEND TIME

1    not represent Plaintiffs even before Boucher LLP filed the SAC in early January—

2    apparently without having "been retained by any of the plaintiffs."  App. at 3.  This

3    change in representation in December 2014 therefore cannot possibly excuse

4    Plaintiffs' failure to file papers in opposition to USC's Motion in February 2015.

5            **3.      The Application Cites No Excusable Neglect to Justify a Continuance**

6                    **as Counsel Was Aware of the Deadline to Oppose USC's Motion**

7          The Application does not offer any other justification for granting a continuance.

8    Boucher LLP does not and cannot claim that any counsel was unaware of the deadline

9    to oppose USC's Motion, because the Motion was automatically served on each of

10   Plaintiffs' three sets of lawyers via the Court's CM/ECF system.  *See* Declaration of

11   Matthew A. Hoffman filed concurrently herewith ("Hoffman Decl.") ¶ 5 & Exh. C.

12   On Tuesday, January 20, 2015, counsel for USC and Mr. Dorton met and conferred

13   regarding the substance of the Motion.  *Id.* ¶ 2.  And on Thursday, January 22, 2015,

14   Mr. Dorton requested that USC stipulate to an extended timeline on the briefing of the

15   Motion to Dismiss, which USC did not agree to.  *Id.* ¶ 4 & Exh. B.  Yet until February

16   13th—four days *after* Plaintiffs' opposition papers or statement of non-opposition

17   were due, and on the eve of President's Day weekend—none of Plaintiffs' lawyers

18   made any efforts whatsoever to actually oppose USC's Motion.  *See* App. at 4.

19         Furthermore, contrary to Boucher LLP's suggestion that Plaintiffs'

20   representation by The Dorton Firm is somehow in doubt (App. at 6), The Dorton Firm

21   is actively pursuing this matter against the City Defendants.  In fact, within hours after

22   Boucher LLP notified USC's counsel of its intent to file the instant Application, The

23   Dorton Firm served initial disclosures on all parties and their counsel (including Brian

24   Bush of Boucher LLP), and indicated that it had worked out an extension on another

25   deadline with the City Defendants.  Hoffman Decl. ¶ 7 & Exh. D.  Thus, the very law

26   firm that Boucher LLP contends actually represents Plaintiffs has chosen to litigate

27   against the City Defendants, but not against the USC Defendants.

28   / / /

Gibson, Dunn &
Crutcher LLP

5

UNIVERSITY OF SOUTHERN CALIFORNIA DEFENDANTS'
OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION TO EXTEND TIME

**4.     Plaintiffs Will Not Suffer Prejudice If the Application Is Denied**

Even if Boucher LLP could show that its (or Plaintiffs' other attorneys') neglect was excusable (and they cannot), Plaintiffs will not suffer any prejudice if the Application is denied.

*First*, Plaintiffs apparently are not represented by attorneys who would actually file papers in opposition to USC's Motion even if the Application were granted.  The Dorton Firm has shown no indication that it is willing to do so; that firm apparently has chosen to pursue only the City Defendants.  And while Boucher LLP has declared its willingness to "take on the responsibility of filing the opposition" (App. at 6), and in fact filed an untimely and improper opposition brief (Doc. 56), it cannot do so consistent with the Federal Rules and Local Rules, because it does not represent Plaintiffs.

*Second*, the relief that Boucher LLP ultimately seeks—the chance "to correct any defects in pleading should the Court be inclined to grant the Motion without prejudice" (App. at 6)—will not be available even if the Application is granted.  The Court made clear that the SAC was Plaintiffs' "**one final opportunity** to present a complaint that include[d] all facts they want[ed] the Court to consider in determining the sufficiency of the allegations raised against [USC]."  Doc. 46 (emphasis in original).  Because the SAC was their "**final opportunity**" to do so, Plaintiffs could not somehow use the opposition to correct pleading defects in the SAC or to request yet another opportunity to amend their complaint.

**5.     Plaintiffs' Recourse is Not Against USC**

Finally, the Application appears to rest on the flawed notion that Plaintiffs cannot be held accountable for their attorneys' or former attorneys' failings.  If that were true, then every time an attorney blew a deadline, "excusable neglect" could justify relief.  It does not.  A missed deadline by the attorney is a missed deadline by the party.  And Plaintiffs' attorneys' neglect is in no way "excusable" here, where Plaintiffs had 11 days more than the Local Rules require to file an opposition or

6

1   statement of non-oppositions, where their attorneys knew of the deadline but simply

2   chose not to respond, and where Plaintiffs or their attorneys instead chose to use that

3   time to prepare and serve initial disclosures rather than oppose USC's Motion.

4   Whatever recourse Plaintiffs may have is against their attorneys, not against USC.

## II.   CONCLUSION

6          The Application should be denied.  And for all the reasons set forth in the

7   Motion, and because Plaintiffs failed to timely oppose it, each of the claims against the

8   USC Defendants should be dismissed with prejudice.

10   Dated: February 17, 2015                    GIBSON, DUNN & CRUTCHER LLP

12                                               By:  /s/ Debra Wong Yang
                                                        Debra Wong Yang

                                                 Attorneys for Defendants
14                                               UNIVERSITY OF SOUTHERN CALIFORNIA
                                                 and CHIEF JOHN THOMAS

16   101880732.6

Gibson, Dunn &
Crutcher LLP

7