1  DEBRA WONG YANG, SBN 123289
      dwongyang@gibsondunn.com
2  MATTHEW A. HOFFMAN, SBN 227351
      mhoffman@gibsondunn.com
3  ROSS HALPER, SBN 253488
      rhalper@gibsondunn.com
4  ANDREW G. PAPPAS, SBN 266409
      apappas@gibsondunn.com
5  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
6  Los Angeles, CA 90071-3197
   Telephone: 213.229.7000
7  Facsimile: 213.229.7520

8  Attorneys for Defendants
   UNIVERSITY OF SOUTHERN CALIFORNIA
9  & CHIEF JOHN THOMAS

10             UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYVEN VINSON, an Individual; CHRISTIAN SUTTON, an Individual; OLAOLUWA BAYODE, an Individual; DEBBIE RUMBO, an Individual; FRANCES WANG, an Individual; JASON SNEED, an Individual; and TEREMY JACKSON, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a Public Entity; UNIVERSITY OF SOUTHERN CALIFORNIA, a Private Corporate Entity; CHIEF JOHN THOMAS, in his individual and official capacity as Chief of USC Department of Public Safety; LAPD OFFICER CARLYLE; LAPD OFFICER ROSE; LAPD OFFICER MORAN; LAPD OFFICER ROCKETT; LAPD OFFICER PEAKE; LAPD OFFICER CHIU; LAPD OFFICER WOLFCHIEF; LAPD OFFICER AYALA; LAPD OFFICER CORDOBA; LAPD SERGEANT WASHINGTON; LAPD OFFICER BARRIENTOS; LAPD OFFICER MARX; and DOES 1-10, Inclusive,<br><br>Defendants. | CASE NO. 14-4488-PLA<br><br>**DEFENDANTS UNIVERSITY OF SOUTHERN CALIFORNIA AND CHIEF JOHN THOMAS'S *EX PARTE* APPLICATION TO STRIKE PLAINTIFFS' OPPOSITION TO THE USC DEFENDANTS' MOTION TO DISMISS**<br><br>[Declaration of Matthew A. Hoffman Filed Concurrently Herewith]<br><br>**Hearing:**<br>Date:   Not Set<br>Time:   Not Set<br>Place:  Courtroom G, 9th Floor<br>Judge:  Hon. Paul L. Abrams, U.S. Magistrate Judge |

The USC Defendants[1] respectfully apply *ex parte* to strike the untimely and improper Opposition to Motion to Dismiss the Second Amended Complaint ("Opposition") filed by Brian M. Bush ("Mr. Bush") of Boucher LLP on February 17, 2015 (Doc. 56).

## I.    COUNSEL OPPOSING THE APPLICATION

The USC Defendants understand that Plaintiffs' attorneys are Fred D. Dorton Jr. of The Dorton Law Firm, APLC, 9701 Wilshire Blvd., 10th floor, Beverly Hills, California 90212, (310) 598-6486, fdorton@thedortonfirm.com; and Lance M. Filer of Filer Palmer, 9701 Wilshire Blvd., 10th floor, Beverly Hills, California 90212; (310) 613-2458, lancemfileresq@gmail.com.  Although Mr. Bush filed the Opposition at issue, he and his colleagues Raymond P. Boucher ("Mr. Boucher") and Shehnaz M. Bhujwala ("Ms. Bhujwala") have represented to this Court that neither they nor their law firm, Boucher LLP, represents or has been retained by any of the Plaintiffs.  Feb. 17, 2015 Declaration of Raymond P. Boucher ("Boucher Decl.") ¶ 4; Feb. 17, 2015 Declaration of Shehnaz M. Bhujwala ("Bhujwala Decl.") ¶ 4; Feb. 17, 2015 Declaration of Brian M. Bush ("Bush Decl.") ¶ 3.

## II.    NOTICE OF APPLICATION

On February 17, 2015, after the Opposition was filed, the USC Defendants' counsel orally advised Boucher LLP—the law firm that filed the Opposition—of the date and substance of the instant Application.  Hoffman Decl. ¶ 2.  Boucher LLP represented that it would oppose this Application.  *Id*.

## III.    ARGUMENT

The Court should strike the Opposition for at least two reasons.  **First**, the Opposition is untimely.  It was filed a **week** after it was due, on the same day the USC Defendants' reply brief would otherwise be due, and just 14 days before the noticed

---

[1] Defendants University of Southern California, USC Department of Public Safety Chief John Thomas ("Chief Thomas"), and the unnamed USC DPS Doe Defendants are collectively referred to as "USC Defendants."

1
UNIVERSITY OF SOUTHERN CALIFORNIA DEFENDANTS'
APPLICATION TO STRIKE PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

hearing.

***Second***, the Opposition was filed by a law firm—Boucher LLP—that purports to "specially appear[]" for Plaintiffs but contends it has not been retained by and does not represent any of them.  Boucher Decl. ¶¶ 1, 4; Bhujwala Decl. ¶¶ 1–2; Bush Decl. ¶¶ 1–5.  Simply put, lawyers cannot file briefs on behalf of parties they do not represent.

## A.  The Opposition Is Untimely

The USC Defendants filed their Motion to Dismiss the Second Amended Complaint (the "Motion") on January 23, 2015, and noticed the hearing for March 3, 2015.  Doc. 54.  Local Rule 7-9 requires that:

> [e]ach opposing party shall, . . . not later than twenty-one (21) days before the date designated for the hearing of the motion . . ., serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that the party will not oppose the motion.

Here, Plaintiffs' required opposition or statement of non-opposition had to be filed with this Court by February 10, 2015.  The Opposition Boucher LLP filed on February 17, 2015 is thus a week late, and was filed on the same day the USC Defendants' reply brief would otherwise have been due.[2]  Boucher LLP filed the untimely Opposition without first seeking leave to do so, and its tardy filing (just 14 days before the hearing) prejudices both the USC Defendants and the Court.

## B.  Boucher LLP Cannot Properly File an Opposition on Behalf of Parties It Does Not Represent.

The Court should strike the Opposition for the additional reason that it was filed by a law firm, Boucher LLP, that purports not to represent any of the Plaintiffs, and it

---

[2] As set forth in the USC Defendants' Opposition to Boucher LLP's *Ex Parte* Application to Extend Time, Plaintiffs have habitually disregarded the Local and Federal Rules throughout this litigation.  Doc. 58 at 2–3.

is axiomatic that lawyers cannot file briefs on behalf of parties they do not represent.

Boucher LLP previously has asserted that it has not been retained by and does not represent any of the Plaintiffs, yet purports to "specially appear[]" on their behalf for purposes of the Opposition even though Plaintiffs are represented by other counsel. Boucher Decl. ¶¶ 1–6; Bhujwala Decl. ¶¶ 1–2; Bush Decl. ¶¶ 1–5.  The USC Defendants are not aware of any authority permitting such a "special appearance" by counsel on behalf of parties they do not represent.  Local Rule 11-1 requires that "[a]ll documents . . . shall be signed by the attorney for the party," but the Opposition is *not* signed by attorneys who actually represent Plaintiffs—The Dorton Law Firm and Filer Palmer (which represents only plaintiff Teremy Jackson).  And the Opposition gives no indication that Plaintiffs somehow authorized Boucher LLP to file the Opposition on their behalf.

## IV.   CONCLUSION

The Court should strike the untimely and improper Opposition, grant the Motion, and dismiss the action in its entirety and with prejudice as to the USC Defendants.

Dated: February 18, 2015            GIBSON, DUNN & CRUTCHER LLP


By:  /s/ Debra Wong Yang
          Debra Wong Yang

Attorneys for Defendants
UNIVERSITY OF SOUTHERN CALIFORNIA
and CHIEF JOHN THOMAS

101881578.3